## Pauley's Estate.  Wills' Appeal.

[Marked to be reported.]

*Assignees—Sale of incumbered real estate—Stay of execution—Waiver of stay by judgment debtor—Act of Feb.* 17, 1876.

The provision of the act of Feb. 17, 1876, in regard to sales of incumbered real estate by assignees for benefit of creditors, authorizing the court granting the order of sale to stay " execution on all liens that may be divested by such sale," covers executions on judgments as to which, since the act, stay of execution has been expressly waived : White v. Crawford, 84 Pa. 433, distinguished.

*Uncertainty as to sale for enough to pay liens.*

Where the real estate in the hands of the assignee is, in the language of the act, " incumbered with liens to such an extent as to render it difficult to determine whether the same can be sold for enough to pay all liens," the power of the court to grant the order of sale and to stay execution is clear ; and the mere fact that the aggregate of the liens somewhat exceeds the appraised value of the real estate, does not take away the jurisdictional uncertainty, especially where the real estate consists of a number of pieces, part in the country and part in a town, one of the items being an undivided interest in a large tract of land with coal underneath it : Thompson's Appeal, 126 Pa. 467, approved and applied.

*Terms of sale—Credit.*

In such a case an order fixing the following terms of sale is not improper : " One third of the purchase money to be paid in cash ; balance in two equal payments, at six and twelve months respectively, with interest ; to be secured by bond or mortgage lien of the purchaser at the discretion of the assignees."

Argued Feb. 29, 1892. Appeal, No. 50, Oct. T., 1892, by C. L. Wills for use of Margaret D. Clark, a lien creditor, from

decree of C. P. Green Co., insolvency docket, Jan. T., 1892, No. 2, authorizing the assignees for benefit of creditors of W. T. H. Pauley, to sell his real estate discharged of liens, and staying execution against the same. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

By order of the Supreme Court this case was transferred from the Western to the Eastern district.

From the record it appeared that on Oct. 26, 1891, W. T. H. Pauley made an assignment for the benefit of his creditors to Matthias Brant and John Meighen. Jan. 9, 1892, the assignees presented their petition to the court below, specifying the insufficiency of the personal estate for the payment of the assignor's debts ; that an execution had been issued on the judgment of the appellant against the assignor and all his real estate advertised for sale ; that if sold by the sheriff it would be sacrificed and that the petitioners had reason to believe and did believe that if they were permitted to sell the same under an order of court discharged of liens they would realize more money therefor than the appraised value ; and that the real estate was incumbered by judgment liens to such an extent as to render it difficult to determine whether the same could be sold for enough to pay all the liens against the same ; and praying for such an order. The petition stated that notice had been given of the application to the several lien creditors or their attorneys. Attached to the petition was a certified list of the judgments against the assignor amounting to $31.330.75. It was stated by the appellees in their paper book that there was a duplication in the list of judgments to the amount of about $5,000, by reason of a judgment having been obtained against the assignor as garnishee for a debt for which the assignor's creditor, the debtor in the judgment on which the attachment issued, had already obtained judgment. The appraisement of the real estate placed its value at $24,144.97. The bond on which the judgment of appellant was entered provided for the issuing of execution for the collection of the principal sum with interest and an attorney's commission in case of default for 30 days in the payment of any installment of interest ; and that " such right shall not be abridged, delayed or interfered with by any law or practice under which execution might be stayed."

In the bond the debtor also waived and released "all relief from any and all appraisement, stay or exemption laws of any state now in force or hereafter to be passed." The judgment bond was dated July 11, 1881; judgment was entered July 12, 1881, and revived in 1885 and 1890.

The answer of the lien creditors objected to the order asked for on account of, 1, the waiver of stay of execution on the judgment of appellant; 2, the excess of the liens over the appraisement; 3, the delay and loss of a sale on other terms than cash; 4, 5, the costs and expenses of a sale by the assignees.

The court below entered the following decree:

"And now, January 9, 1892, the above petition read and considered and the court being satisfied that due notice had been given the creditors entitled to notice that such application would be made, and deeming it for the manifest interest of the parties concerned, authorizes and empowers the within named assignees to make public sale upon the premises of the within described real estate, discharged of liens, upon the following terms, to wit: One third of the purchase money to be paid in cash; balance in two equal payments, at six and twelve months respectively, with interest; to be secured by bond or mortgage lien of the purchaser, at the discretion of the assignees.

"Due notice of the said sale to be given according to the provisions of the act of assembly, relating to assignments, approved the 17th day of February, A. D. 1876.

"All executions and other final process against the said real estate to be stayed in the meantime."

*Errors assigned* were, (1, 2) the entry of above decree.

*R. L. Crawford*, with him *Wise & Minor* and *T. F. Birch*, for appellant.—It was error for the court to stay appellant's execution, in view of the express and positive waiver, and authorize the assignees to sell on time according to the terms of the order of January 9, 1892: White v. Crawford, 84 Pa. 433; Detwiler's Ap., 96 Pa. 323; Hill's Est., 1 C. C. R. 584; Wright's Est., 1 Susq. L. Ch. 22; Morris' Ap., 88 Pa. 382; Wright v. Wigton, 84 Pa 166; Tomlinson's Ap., 90 Pa. 228; John's Assigned Est., 14 Phila. 624; Gillespie's Est., 1 Lanc. Bar; Wolf's Est., 3 C. C. R. 458; Bett's Est., 1 C. C. R. 587; Youngs v. Hannas, 1 C. C. R. 579; Burkholder's Ap., 94 Pa. 525.

*D. S. Walton,* of *Wyly, Buchanan & Walton,* for appellee.
—In White v. Crawford, 84 Pa. 433, the contract containing
the waiver of stay of execution was executed in 1873, three
years before the act of 1876.

In John's Assigned Estate, 14 Phila. 623, the appraised
value of the real estate was $800, and the liens amounted to
over $7,000.

Under the authority of Thompson's Ap., 126 Pa. 467, the
order in this case should be affirmed.

OPINION BY Mr. JUSTICE GREEN, May 9, 1892:

In the case of White v. Crawford, 84 Pa. 433, we decided
that, upon a sealed judgment note made in 1873, and contain-
ing a waiver of stay of execution, it was not competent for the
court of common pleas to grant an order of sale under the act
of Feb. 17, 1876, to the debtor's assignee for the benefit of cred-
itors, where the payment of the purchase money was postponed
for an unreasonable time. We held that the provision in the
sealed note for a waiver of stay of execution was a contract
right of the creditor, which a subsequent statute could not take
away from him, and therefore an order staying execution, which
was part of the order of sale granted to the assignee under the
act of 1876, was inoperative as to the plaintiff in the judgment.
Another reason for the decision was, that the length of time
fixed in the order for the payment of the purchase money was
an unreasonable postponement of the right of collection.

In the present case no question of this character arises, for
the reason that the judgment of the appellant was not obtained
until the year 1881, at which time the act of 1876 was in full
force. That act was necessarily applicable to all cases arising
after its passage. When the appellant obtained her judgment
she knew that it was subject to the operation of the act of 1876,
and that, under that act, if her judgment debtor made an as-
signment for the benefit of his creditors, it was within the power
of the court of common pleas to grant an order of sale to the
assignee, in the circumstances mentioned in the act, and, as a
part of their order, to direct a stay of execution on all liens
that might be divested by the sale. The appellant is not in
condition to say that the act of 1876 made any change in her
contract rights precisely as they were at the time she obtained

her judgment. It is true that the act of 1876 does not specifically say that, in cases where stay of execution was waived in the contract, the court might order a stay, but the language is so general and comprehensive that it embraces all liens of whatever kind that may be divested by the sale. The appellant's judgment is such a lien, and it is therefore embraced within the terms of the act. We have no difficulty in holding that, so far as this matter is concerned, the appellant's contention cannot be sustained.

Upon the facts of the application for the order of sale, we think it clearly apparent that the case is one eminently proper for the exercise of the power of the court to grant the order. The act was intended, and it expressly so declares, to apply to cases where the real estate is "incumbered with liens to such an extent as to render it difficult to determine whether the same can be sold for enough to pay all the liens." That was precisely the case here. The liens were somewhat in excess of the appraised value, but the appraised value may not be the real value, and may not be so much as the proceeds of the sale. It is alleged here that the liens are stated excessively in respect that one of them is duplicated in the amount of another. We do not think the difference, even in the amount of the appraised value and the aggregate of the liens as most largely stated, is sufficient to relieve the case of the uncertainty which gives the court jurisdiction to grant the order. It seems to us, therefore, an entirely proper case for the granting of the order. The property consists of a number of pieces of realty, part in the country and part in the town, one of the items being an undivided interest in a large tract of land with coal underneath it. In such circumstances it would be impossible to speak with certainty as to what the several properties might bring when sold. The cases cited in the appellant's argument, other than White v. Crawford, supra, have no application to the present question. In the case of Thompson's Ap., 126 Pa. 467, we affirmed the power of the common pleas to grant these orders of sale and to stay execution, in the broadest manner, and we think the present case comes fully within the effect of that decision.

Order affirmed.